10-3618-ag
Sinistovic v. Holder

BIA
Nelson, IJ
A075 559 701

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of July, two thousand eleven.

PRESENT:
>        ROBERT D. SACK,
>        REENA RAGGI,
>        PETER W. HALL,
>        *Circuit Judges.*

_____

MARK SINISTOVIC,
>        *Petitioner,*

>        v.                                  10-3618-ag
>                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:        Joshua E. Bardavid, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General;
                       Leslie McKay, Assistant Director;
                       Allison Frayer, Trial Attorney, Office
                       of Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Mark Sinistovic, a native of Yugoslavia and a citizen of Serbia-Montenegro, seeks review of an August 27, 2010, decision of the BIA affirming the June 2, 2010, decision of Immigration Judge ("IJ") Barbara A. Nelson denying his motion to rescind and reopen. *In re Mark Sinistovic*, No. A075 559 701 (B.I.A. Aug. 27, 2010), *aff'g* No. A075 559 701 (Immig. Ct. N.Y. City June 2, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, motions to reopen removal proceedings in which an alien was ordered removed *in absentia* are governed by different rules depending on whether the movant seeks to rescind the *in absentia* removal order or present new evidence of his eligibility for relief. *See Song Jin Wu v. INS*, 436 F.3d 157, 163 (2d Cir. 2006); *In re M-S-*, 22 I. & N. Dec. 349, 353-55 (B.I.A. 1998) (en banc). Accordingly, when, as here, an alien files a motion that seeks both rescission of an *in absentia* removal order, as well as reopening of removal proceedings based on new evidence, we treat the motion as comprising distinct motions to rescind and to reopen. *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006); *see also Maghradze v. Gonzales*, 462 F.3d 150, 152 n.1 (2d Cir. 2006).

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the denial of a motion to rescind an *in absentia* removal order under the same abuse of discretion standard applicable to motions to reopen. *See Alrefae*, 471 F.3d at 357; *see also Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110-11 (2d Cir. 2008).

**A.  Motion to Rescind**

Sinistovic moved to rescind his *in absentia* removal order, asserting that his failure to appear was due to exceptional circumstances.  An order of removal entered *in absentia* may be rescinded on this basis upon a motion filed within 180 days after the date of the order of removal.  *See* 8 U.S.C. § 1229a(b)(5)(C)(i); *see also* 8 C.F.R. § 1003.23(b)(4)(ii).  It is undisputed that Sinistovic's 2010 motion to rescind was untimely filed because the IJ's *in absentia* removal order was issued in 1998.  *See* 8 U.S.C. § 1229a(b)(5)(C)(i).

Here, Sinistovic argues that the agency erred because it did not equitably toll the time period for filing his motion. As the basis for his argument, he asserts that his prior counsel was ineffective for advising him that he was not required to attend his hearing before the IJ.  To warrant equitable tolling of the time period for filing a motion, even assuming that prior counsel was ineffective, an alien is required to demonstrate "due diligence" in pursuing his claim during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed."  *Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008); *see also Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006). Because Sinistovic did not indicate that he took any actions to pursue his ineffective assistance of counsel claim against his former attorney from 1999, when he learned of the IJ's *in absentia* removal order, until 2010, when he retained the counsel who filed his motion to rescind, the agency did not err in finding that Sinistovic failed to demonstrate that he exercised due diligence in pursuing his ineffective assistance of counsel claim.  *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007) (providing that the "petitioner bears the burden of proving that he has exercised due diligence in the period between discovering the ineffectiveness of his representation and filing the motion"); *see also Rashid*, 533 F.3d at 131.

Furthermore, the BIA was not required to credit Sinistovic's assertion, raised for the first time on appeal, that after learning he had been ordered removed *in absentia* because of the ineffective assistance of his former counsel,

3

he believed, based on information provided in 1999 and 2003 by the same counsel, that the IJ's removal order was no longer in effect. *See Jian Hua Wang*, 508 F.3d at 715 (recognizing that the analysis of whether a movant has exercised due diligence involves an evaluation of the "reasonableness under the circumstances – namely, whether and when the ineffective assistance was, or should have been, discovered by a reasonable person in the situation") (internal quotation marks and citations omitted). Moreover, the BIA reasonably found Sinistovic's argument unavailing because his assertion that he did not know that the IJ's removal order remained in effect after 1999 was contradicted by the fact that he filed a motion to rescind and reopen in 2003. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) ("An abuse of discretion may be found . . . where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.") (citations omitted). Accordingly, as the BIA found, even if Sinistovic believed in 2003, based on the incorrect advice of counsel, that the IJ's removal order no longer stood, he failed to demonstrate that he acted diligently in pursuing his ineffective assistance of counsel claim from 1999 until the filing of his first motion in 2003. *See Jian Hua Wang*, 508 F.3d at 715. Thus, the agency did not err in declining to toll the time period for filing Sinistovic's motion to rescind. *See id.*

## B. Motion to Reopen

Sinistovic also argues that the agency erred in declining to reopen his proceedings to permit him to adjust status because he complied with the requirements of *Matter of Velarde-Pacheco*, 23 I. & N. Dec. 253 (B.I.A. 2002). In *Matter of Velarde-Pacheco*, the BIA held that a motion to reopen could be granted in the exercise of discretion to allow an alien the opportunity to apply for adjustment of status, if, among other requirements, the motion to reopen, however, was timely. Sinistovic's 2010 motion to reopen was not timely filed because it was filed more than ten years after the IJ's *in absentia* removal order became final. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (providing that a "motion to reopen shall be filed within 90 days of the date of entry of a final

4

administrative order of removal"); *see also* 8 C.F.R. § 1003.23(b)(1).  Thus, the BIA did not abuse its discretion under *Matter of Velarde-Pacheco* in declining to reopen his proceedings as a matter of discretion.  *See Matter of Velarde-Pacheco*, 23 I. & N. Dec. at 256.

Finally, in declining to reopen *sua sponte* Sinistovic's proceedings to permit him to apply for adjustment of status, the BIA found that he failed to comply substantially with the procedural requirements for raising an ineffective assistance of counsel claim set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988).  We generally lack jurisdiction to consider the BIA's "entirely discretionary" decision regarding whether to reopen removal proceedings *sua sponte*.  *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009); *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).  However, we retain jurisdiction to consider an argument that the agency declined to exercise its *sua sponte* authority based on a misperception of the law.  *See Mahmood*, 570 F.3d at 469; *see also Aslam v. Mukasey*, 537 F.3d 110, 115 (2d Cir. 2008).

Here, Sinistovic argues that the BIA erred as a matter of law in finding that he failed to comply substantially with the *Lozada* requirements.  To prevail on an ineffective assistance claim, the alien must substantially comply with certain procedures laid out by the BIA in *Matter of Lozada*.  *See Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46-47 (2d Cir. 2005).  Specifically, the alien must file a motion with the agency, including: "(1) an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard; (2) proof that the alien notified former counsel of the allegations of ineffective assistance and allowed counsel an opportunity to respond; and (3) if a violation of ethical or legal responsibilities is claimed, a statement as to whether the alien filed a complaint with any disciplinary authority regarding counsel's conduct and, if a complaint was not filed, an explanation for not doing so." *Twum v. INS*, 411 F.3d 54, 59 (2d Cir. 2005) (quoting *Esposito v. INS*, 987 F.2d 108, 110-11 (2d Cir. 1993) (per curiam)).

In this case, the BIA reasonably found that Sinistovic did not substantially comply with the *Lozada* requirements because he failed to submit any of the evidence required by

*Lozada*. *See id.* Contrary to Sinistovic's contention in his brief to this Court, he did not explain to the agency that he was unable to submit an affidavit in support of his motion. Moreover, even though we have recognized that a movant may substantially comply with the *Lozada* requirements when it is "clear on the face of the record . . . that counsel was subsequently disbarred for malpractice as an immigration attorney," *Yi Long Yang v. Gonzales*, 478 F.3d 133, 143 (2d Cir. 2007), it was not clear from the record in Sinistovic's proceedings that his former attorney had been disbarred because Sinistovic provided only unsworn statements to this effect without any information as to when or why the disbarment occurred. *See id.; see also Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009) ("An attorney's unsworn statements in a brief are not evidence."). Thus, the BIA did not misperceive the law in finding that Sinistovic failed to comply substantially with the *Matter of Lozada* requirements. *See Jian Yun Zheng*, 409 F.3d at 46.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk